637 N.W.2d 220 (2002)
Peter CRUZ, Jr., Plaintiff-Appellee,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellant.
Docket No. 117505, COA No. 206120.
Supreme Court of Michigan.
January 4, 2002.
On order of the Court, each party is directed to file a supplemental brief specifically addressing the following issue: Appellant concedes in its brief that invoking non-compliance with an EUO provision in its no-fault policy would not constitute a basis under M.C.L. § 500.3142 for denying a claim "on the basis of insufficient proof of the fact and of the amount of loss sustained." Appellant's no-fault policy nonetheless states that failure to comply with the EUO provision bars the claimant from maintaining a right of action. Would invoking such non-compliance as a complete bar to a claimant's first-party suit violate § 3142's mandate that any portion of a claim supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer, and that an overdue payment bears simple interest at the rate of 12% per annum?
The supplemental brief of appellant is to be filed within 21 days, and the supplemental brief of appellee within 14 days thereafter.
MARILYN J. KELLY, J., dissents and states as follows.
I disagree with the order directing supplemental briefing. I find no necessity for further briefing, especially given the language of the order granting leave. In it, we asked the parties to fully brief whether the no-fault act permits defendant's examination under oath (EUO) insurance policy provision. We also directed the parties to address the difference between denying benefits on the basis of insufficient proof of the injury claimed and denying benefits for failure to comply with the EUO provision.
Neither party requested supplemental briefing, even though both had the opportunity do so. The question posed in the order was expressly asked of defense counsel during oral argument.
What the parties seek and are entitled to at this point is an opinion from this Court.